

**JAMES F. SCHNEIDER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| COUNCIL OF UNIT OWNERS OF | * | Case No. 16-13049-JS |
| THE 100 HARBORVIEW DRIVE | | |
| CONDOMINIUM, | * | Chapter 11 |
| Debtor in possession | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### *MEMORANDUM OPINION DEFERRING MOTION TO DISMISS [P. 26]*

Before the Court is the motion to dismiss filed by Penthouse 4C, LLC.  For the reasons set forth herein, a decision will be deferred for a period of 120 days.

### *FINDINGS OF FACT*

1.  The Council of Unit Owners of the 100 Harborview Drive Condominium ("the Council" or "the debtor"), is an unincorporated condominium association, comprised of all persons, firms, corporations, trusts or other legal entities holding legal title to a condominium unit in the building.  Declaration, Art. I, §§ (i) and (q).

2.  By-laws dated November 9, 1993, as amended, provide that "the affairs of the condominium project shall be managed by a Board of Directors" ("the Board").  By-laws, Article 1, § 1.

3.  On March 9, 2016, the Board filed the instant Chapter 11 bankruptcy petition in the name of the Council.  The petition was signed by Dr. Reuben Mezrich, who is president of the Board.  A "Resolution of the Board of Directors of the Council of Unit Owners of the 100 Harborview Drive Condominium" (the "Resolution") was filed with the petition and purports to provide the authority for the filing of the petition.[1]

4.  The bankruptcy filing was precipitated by litigation between the Council and Penthouse 4C, LLC ("Penthouse"),[2] a creditor and member of the Council. Penthouse had garnished the Council's bank accounts at Howard Bank and Citizens Bank, which prevented the use of the debtor's funds to continue to operate the condominium, including the payment "for basic services necessary to the health, safety and security to its condominium owners."   Debtor's Opposition to Motion to Dismiss, ¶ 1 [P. 61].

5.  Penthouse and the debtor have been engaged in litigation in the state courts of Maryland since at least 2009, regarding Mr. Ancel's claims relating to

---

[1] The Resolution records a meeting of the Board convened on February 23, 2016, at which time the Board approved unanimously the filing of the instant case.

[2] James W. Ancel, Sr., is sole owner of Penthouse.

water and other damage to his penthouse at Harborview.  The parties went to arbitration and an award in favor of Penthouse was confirmed by the Circuit Court for Baltimore City.[3]  "Following the circuit court's July 2012 decision, Harborview satisfied the arbitration award of compensatory damages in full.  However, the specific performance was not complete by December 30, 2013 as mandated by the arbitration award and as ratified by the circuit court and this Court. . . Harborview had difficulty obtaining funding for the necessary remediations after approximately 15 percent of its unit owners failed to pay a November 2011 special assessment levied to raise funds to fight pending lawsuits and pay for roof repairs.  After numerous loan application rejections, Harborview obtained an 18-month construction loan in April of 2013. . . . Between the December 30, 2013, deadline and the May 19, 2014, contempt hearing, the record shows that the physical work on the remediation project progressed significantly."  *100 Harborview Drive*

---

[3] The arbitration award required the debtor within two years to complete extensive building repairs, including replacement of the the roof system, repair of the exterior facade, supplement the fall arrest protection system, perform curtain wall glazing, selective tuck pointing, selective brick replacement, selective masonry flashing installation, masonry expansion, joint width modification, selective precast concrete repairs, selective precast concrete cornice stabilization, selective EIFS repairs, selective polyurethane terrace balcony coating repair, selective balcony drain/pipe connector fitting replacement, selective repair of balcony drywall soffits, install flashing pans under penthouse, remove and replace railings, clean the facade, apply penetrating sealer to masonry and precast, clean and paint exposed structural steel. *100 Harborview Drive Condominium Council of Unit Owners v. Penthouse 4C,* LLC, 2015 WL 5929355, at *3 (Md. Ct. Spec. App. Aug. 20, 2015).

*Condominium Council of Unit Owners v. Penthouse 4C, LLC*, 2015 WL 5929355, at *8 (Md. Ct. Spec. App. Aug. 20, 2015).  Before the petition date, the debtor had been held in civil contempt for its failure to complete the required repairs and Penthouse had been awarded three judgments against the debtor in the total amount of $2,203,792.62.  Penthouse's Reply to Debtor's Opposition to Motion to Dismiss [P. 70], 4-5.

6.   On March 22, 2016, Penthouse filed the instant motion to dismiss the bankruptcy case [P. 26], in which it alleged that pursuant to the by-laws, the Board lacked the authority to file the bankruptcy petition.

## *CONCLUSIONS OF LAW*

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over the instant motion to dismiss pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper pursuant to 28 U.S.C §1409.

2.   Subject-matter jurisdiction exists to determine whether the filing of a bankruptcy case was proper.  *In re Comscape Telecommunications, Inc.*, 423 B.R. 816, 819 (Bankr. S.D. Ohio 2010); *In re Brandon Farmer's Mkt., Inc.*, 34 B.R. 148, 149 (Bankr. M.D. Fla. 1983) (the bankruptcy court had subject-matter jurisdiction to determine the propriety of the filing of a petition.).

**STANDING OF PENTHOUSE TO MOVE TO DISMISS**

3.  As a condominium unit owner, and therefore a member of the Council, and as a creditor of the debtor in possession, Penthouse has standing as a party in interest to move to dismiss the instant Chapter 11 case.  11 U.S.C. § 1109(b).[4]

**GROUNDS OF THE MOTION TO DISMISS**

4.  Penthouse contends that the Board did not have the authority to file the instant bankruptcy petition without the prior approval of the Council and that the petition must be dismissed, citing *Price v. Gurney*, 324 U.S. 100, 107 (1945) (bankruptcy courts do not have jurisdiction to authorize the filing of a bankruptcy petition on behalf of a corporation by one acting without authority to do so.).

**APPLICABLE LAW**

5.  The by-laws govern the administration of the condominium, subject to the provisions of the Maryland Condominium Act, Maryland Code (1974, 2010 Repl. Vol.) Real Property Article §§ 11–101 et seq.

---

[4] Section 1109(b)  provides:

> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

> *Id.*

6.   The Council is clothed with full and complete powers to govern and regulate the use of the property and its assets, pursuant to Article III of the by-laws. The powers of the Board are set forth in Article IV of the by-laws.

7.   The by-laws are silent as to whether the Council or the Board has the specific authority to file a bankruptcy petition. However, the filing of a "civil action, legal, administrative or other proceeding" requires a majority vote of the Council.[5]

---

[5] By-Laws Article XV, Litigation; Dispute Resolution, Section 1:

   Except for an action to enforce payment of any condominium assessment, special assessment, installment thereof, or fine (which the Board may institute as provided in Article IX of the By-Laws), and subject to any provision of the Condominium Act, the Declaration or these By-Laws requiring a different or greater majority, no civil action, legal, administrative or other proceeding or complaint, including an action or proceeding in the nature of arbitration as set forth hereinbelow, may be instituted by the Council, by the Board, or by one or more past or present until owners, as such, on behalf of himself, herself, or themselves or on behalf of the Council or the Board against any person or for any cause affecting the condominium or any part thereof or relating thereto in any manner whatsoever, except pursuant to the express authority of a majority of the unit owners within the condominium as then constituted at any regular or special meeting of the Council, duly convened upon notice as provided elsewhere in the By-Laws, upon motion duly made and carried after full discussion of the likelihood of success, risks and likely expenses and other relevant considerations involved in the proposed litigation. In any such action instituted by the Council or the Board against the Declarant or its affiliates, the Council shall be prohibited from (a) utilizing funds theretofore paid by the Declarant or its affiliates to the Council pursuant to the Declaration or these By-Laws, or (b) assessing any portion of the cost of such action against units owned by the Declarant

8.   This Court has determined that the filing of a bankruptcy petition is included in the foregoing provision of Article XV of the by-laws.  *See* COLLIER ON BANKRUPTCY ¶ 1.01[2][b] ("Bankruptcy is a process that takes place in federal bankruptcy court.  A bankruptcy 'case' is that civil action brought under title 11 which concerns a particular debtor."); *In re Lewis*, 257 B.R. 431, 435 (Bankr. D. Md. 2001) ("a bankruptcy case is a civil proceeding conducted under the supervision of the district court and it includes as bankruptcy proceedings any events that occur in the bankruptcy case"); *In re Astri Inv., Mgt. & Sec. Corp.*, 88 B.R. 730, 736 (D. Md. 1988) ("A bankruptcy case is a civil proceeding conducted under the supervision of the district court.").

9.   It must be obvious to all concerned, including Penthouse, that the exigencies of the situation at the time of the filing of the instant bankruptcy petition did not afford the Board the opportunity of obtaining the prior approval of the Council in accordance with the time and notice provisions of the by-laws. Penthouse has not asserted that the Council would not have approved the bankruptcy filing if time had permitted the unit members comprising the Council to be polled.  Nevertheless, Penthouse insists that the petition must be dismissed

---

or affiliates. Such costs shall not be deemed to be "common expenses" of the condominium.

*Id*.

because this Court lacked subject matter jurisdiction on the petition date, citing *Price v. Gurney*, *supra*,[6] and cases from outside this circuit that have held that "there first must be valid jurisdiction over the matter before a bankruptcy court can proceed."  Penthouse's Reply to Debtor's Opposition to Motion to Dismiss [P. 70], 6.

10.  However, the Fourth Circuit has held that "the unauthorized filing of a voluntary petition in bankruptcy [o]n behalf of a corporation may be ratified in appropriate circumstances by ensuing conduct of persons with power to have authorized it originally."  *Hager v. Gibson*, 108 F.3d 35, 40 (4th Cir. 1997).  There it was held that such ratification had the effect of validating unauthorized acts essential to judicial jurisdiction.  In response to the argument Penthouse is making here, the Fourth Circuit said:

> Hager's jurisdiction-determined-as-of-time-of-commencement contention also fails. It ascribes to and depends upon a greater rigidity in the rule than is warranted. As we pointed out in Rowland v. Patterson, 882 F.2d 97, 98 (4th Cir. 1989) (*en banc*), this rule is not one of statutory or constitutional limitation upon the jurisdiction of federal courts, but exists simply as "one of federal interstitial common

_____

[6]Because *Price v. Gurney* recognized that stockholders have no authority to file bankruptcy petition on behalf of a corporation, it can be distinguished from the instant case.  Here, the petition was filed by a board of directors that had the apparent authority to do so on behalf of an unincorporated association. Additionally, the by-laws do not authorize anyone to defend litigation as opposed to filing a proceeding as movant or plaintiff.  In *Price*, there was no recourse for the improper filing by stockholders other than dismissal.  In the instant case, there appears to be corrective action that will confirm the filing and preserve the *status quo*.

law, judicially created, grounded in policy and necessity"—the necessity to have a generally applicable and easily administered rule. As such, it is not absolute but is subject to exceptions based upon countervailing policy concerns of efficiency, finality and fairness. For example, it has long been settled that a basis for diversity jurisdiction not present at the time of commencement of an action may be supplied by later voluntary acts of a plaintiff, though not of a defendant. Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 101, 18 S. Ct. 264, 267, 42 L. Ed. 673 (1898); Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir.1988); see generally 14 A Charles Alan Wright et al., Fed. Prac. & Proc. § 3732, at 519–23 (2d ed. 1985)…

The relation-back principle, though a legal fiction, is a well established substantive one having wide application. *See e.g.*, *Caplin & Drysdale, Chtd. v. United States*, 491 U.S. 617, 627, 109 S. Ct. 2646, 2653, 105 L. Ed.2d 528 (1989) (applying relation-back principle to vest a government's right in forfeited property "at the time of the criminal act giving rise to forfeiture"). Its effect here, as an incident of the proven ratification of Roop's act, was to supply, as of the date of filing, the necessary authorization for that filing. The jurisdiction-as-of-commencement-of-action rule does not prevent that result. *See Martin–Trigona*, 760 F.2d at 1341 (so holding, assuming filing unauthorized at time); *Boyce*, 175 F.2d at 842–44 (same, where filing was unauthorized at time); *Craig*, 118 B.R. at 337–38 (same); *Hawaii Times*, 53 B.R. at 563 (same).

*Id*., at 41.

11. Ratification is a doctrine of agency law that may apply "in a number of settings, including business settings," and under which "a principal may later approve the actions of an agent who acted without authority." *Tower Oaks Boulevard, LLC v. Procida,* 219 Md. App. 376, 403, 100 A.3d 1255, 1272 (2014); and *In re Uwimana*, 274 F.3d 806, 812 (4th Cir. 2001).

12.  In Maryland, a ratified act "is effective as if it had been performed with authority to begin with, and therefore relates back in time."  *Tower Oaks*, *supra*, (when an officer "has acted without authority in bringing a suit, the corporation may ratify the action, which is the equivalent of the officer's having had original authority to bring the lawsuit."  *Id*.).

13.  For all these reasons, the Court will defer its decision on the merits of the motion to dismiss to permit the Council the opportunity to ratify the action of the Board in filing the instant bankruptcy petition, or to disapprove it.[7]

WHEREFORE, the final decision on the instant motion to dismiss will be deferred for a period not to exceed 120 days.

***ORDER ACCORDINGLY.***

---

[7]*See In re Solomons One*, 2013 WL 5934656 (Bankr. D. Md. 2013) (Judge Catliota held the operating agreement of a limited liability company to require only a majority vote of its members  to file a bankruptcy petition.  The opinion is instructive on Maryland law regarding the interpretation of contracts.).

cc:    Paul Sweeney, Esquire
       Yumkas, Vidmar, Sweeney & Mulrenin, LLC
       10211 Wincopin Circle, Suite 500
       Columbia, Maryland 21044
       Counsel for the Debtor

       Richard L. Wasserman, Esquire
       Laura S. Bouyea, Esquire
       Venable LLP
       750 East Pratt Street, Suite 900
       Baltimore, Maryland 21202
       Counsel for Penthouse 4C, LLC

       Michael D. Nord, Esquire
       Lisa Bittle Tancredi, Esquire
       Gebhardt & Smith LLP
       One South Street, Suite 2200
       Baltimore, Maryland 21202
       Counsel for Howard Bank

       Joel L. Perrell, Jr., Esquire
       Miles & Stockbridge P.C.
       100 Light Street, 5th Floor
       Baltimore, Maryland 21202
       Counsel for C.A. Lindman, Inc.

       Edmund A. Goldberg, Esquire
       Office of the United States Trustee
       U.S. Courthouse, Suite 2625
       101 W. Lombard Street
       Baltimore, Maryland 21201