# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PENTHOUSE 4C, LLC | * | |
| | * | |
| | * | |
| v. | * | Civil No. ELH-17-01934 |
| | * | |
| COUNCIL OF UNIT OWNERS OF THE | * | |
| 100 HARBORVIEW DRIVE | * | |
| CONDOMINIUM | * | |
| | * | |
| | * | |
| ****** | | |

## MEMORANDUM

Penthouse 4C, LLC ("Penthouse 4C"), a creditor and member of the Council of Unit Owners of the 100 Harborview Drive Condominium, has filed a motion for leave to appeal an interlocutory order entered by the United States Bankruptcy Court for the District of Maryland. ECF 1 ("Motion").[1]  The Motion is founded on 28 U.S.C. § 158(a)(3) and Rule 8004 of the Federal Rules of Bankruptcy.

In particular, Penthouse 4C appeals the Order Denying Confirmation of the Second Amended Plan of Reorganization, which was entered, with leave to amend, on June 9, 2017 (the "Order"). *See* ECF 1-1. The Order was accompanied by a Memorandum Opinion. ECF 1 at 11-26.[2]  Penthouse 4C also filed a supplement to its Motion (ECF 3), along with exhibits. No responses have been filed to the Motion.

---

[1] This case was originally assigned to Judge J. Frederick Motz, and was reassigned to me on October 27, 2017. This case is related to case JFM-17-1213, in which Judge Motz denied the Debtor's motion to withdraw the reference as to certain claims. *See id.*, ECF 1; ECF 10.

[2] The Order and the Memorandum Opinion were issued by United States Bankruptcy Judge James Schneider, who has since retired. Thereafter, the underlying bankruptcy case was been reassigned to Bankruptcy Judge Michelle Harner.

No hearing is necessary to resolve the matter. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**Discussion**

Penthouse 4C does not seek to reverse the Bankruptcy Court's ultimate rejection of the Second Amended Plan of Reorganization. Instead, it seeks to reverse certain underlying findings contained within the Court's opinion. It fears that the doctrines of issue preclusion and claim preclusion will compel the Bankruptcy Court to afford those underlying findings preclusive effect if the Bankruptcy Court is asked to consider future reorganization plans in the same proceeding.

Clearly, Penthouse 4C asks this court for leave to hear an appeal of an *interlocutory* order pursuant to 28 U.S.C. § 158(a)(3). That statutory provision states: "The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

An interlocutory order is by definition an order that does not constitute a final judgment on the merits. *See* Black's Law Dictionary (10th ed. 2014) (defining "interlocutory" as "interim or temporary; not constituting a final resolution of the whole controversy"). Therefore, Penthouse 4C acknowledges that the Bankruptcy Court order is not a final judgment on the merits.

Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine precludes parties from "contesting matters that

they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153–54. The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Res judicata also extends to claims that could have been asserted and litigated in the original suit. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

The doctrine of res judicata applies when the following three elements are present: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Clodfelter*, 720 F.3d at 210 (citation and quotation marks omitted); *see Weiner v. Fort*, 197 F. App'x 261, 264 (4th Cir. 2006); *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (stating that "claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding"); *Young–Henderson v. Spartanberg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). *See also Davis v. Wicomico County Bureau*, 447 Md. 302, 306, 135 A.3d 419, 422 (2016) ("The requirements of the doctrine of res judicata [include] . . . that there was a final judgment on the merits.")

Similarly, only an issue that is essential to a final judgment on the merits can be afforded issue preclusive effect. In *Garrity v. Maryland State Board of Plumbing*, 447 Md. 359, 368, 135 A.3d 452, 459 (2016), the Maryland Court of Appeals said: "The doctrine of collateral estoppel provides that, '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties . . . .'" (Citation omitted).

It is clear that, in order to invoke res judicata or collateral estoppel, there must be a prior *final* judgment on the merits. Thus, there is no danger that the underlying conclusions encompassed in the Order will be afforded preclusive effect.

## Conclusion

In sum, the fear that animates this Motion is illusory. Accordingly, the court sees no reason to exercise the discretionary appellate jurisdiction set forth in 28 U.S.C. § 158(a)(3). The Motion shall be denied.

An Order follows.

December 11, 2017 _____/s/_____
Date Ellen L. Hollander
United States District Judge